Kirk. J. Anderson (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorneys for Plaintiff Aperture Net LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APERTURE NET LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>HUGHES NETWORK SYSTEMS, LLC,<br><br>*Defendant.* | CASE NO.: '20CV0996 AJB WVG<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |




*Figure 1*




*Figure 2*

*Figure 1 – Defendant's HT2000L and 9211 BGAN Satellite Terminal*

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

1. Aperture Net LLC ("Aperture" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Hughes Network Systems, LLC ("Hughes" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 6,711,204 titled "Channel Sounding for a Spread-Spectrum Signal" (the '204 Patent) attached hereto as Exhibit A.

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

**PARTIES**

3. Plaintiff Aperture Net LLC is a company established in Texas with its principal place of business at 6205 Coit Rd., Ste 300 – 1016, Plano, TX 75024-5474.

4. On information and belief, Defendant Hughes Network Systems, LLC ("Defendant") is a corporation organized and existing under the laws of Delaware, with a regular and established place of business at 9605 Scranton Rd, San Diego, California 92121. Defendant's may be served via its registered agent CSC- Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833-3502.

**JURISDICTION AND VENUE**

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of California and the Southern District of California; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this district; (3) Defendant has sought protection and benefit from the laws of the State of California; (4) Defendant regularly conducts business within the State of California and within this district, and Plaintiff's cause of action arises directly from Defendant's

business contacts and other activities in the State of California and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of California.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of California, and the Southern District of California including but not limited to the products which contain the infringing '204 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of California and in this district; Defendant solicits and has solicited customers in the State of California and in this district; and Defendant has paying customers who are residents of the State of California and this district and who each use and have used the Defendant's products and services in the State of California and in this district.

8. Venue is proper in the Southern District of California pursuant to 28 U.S.C. §§ 1400(b). Defendant has regular and established places of business in this district, has transacted business in this district, and has directly committed acts of patent infringement in this district.

## **PATENT-IN-SUIT**

9. Plaintiff incorporates the above paragraphs herein by reference.

10. The Patent-in-Suit teaches systems and methods for improving a spread spectrum code-division-multiple-access ("CDMA") system, using a channel sounding signal from a base station to provide initial transmitter power levels for remote stations.

11. The invention disclosed in the Patent-in-Suit discloses inventive concepts that represent significant improvements in the art and are not mere routine or conventional uses of computer components. For instance, at the time of filing, CDMA systems suffered from poor power control. *See* Ex. A, '204 Patent, 1:21–2:5. Although various approaches existed to address power control issues, those approaches suffered from inconsistency, inefficiency, and excessive delays. *See* Ex. A, '204 Patent, 1:21–2:5. The patent-in-suit addressed these concerns by "permit[ting] a remote power

station to have knowledge, a priori to transmitting, of a proper power level to initiate transmission." *See* Ex. A, '204 Patent, 2:7-10. Further, the patent-in-suit teaches "to measure and initially correct or compensate for Doppler shift in carrier frequency caused by the motion of the remote station." *See* Ex. A, '204 Patent, 2:11-13.

## ACCUSED PRODUCTS

12. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its multi-path networking platform device HT2000L Multi Path Terminal and mobile satellite systems and terminal devices Hughes 9211 BGAN Satellite Terminal and 9202M BGAN Land Portable Satellite Terminal (the "Accused Products").

## COUNT I

## (Direct Infringement of U.S. Patent No. 6,711,204 – 35 U.S.C. § 271(a))

13. Plaintiff incorporates the above paragraphs herein by reference.

14. The '204 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 23, 2004. The '204 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

15. Plaintiff is the owner by assignment of the '204 patent and possesses all rights of recovery under the '204 patent, including the exclusive right enforce the '204 patent and pursue lawsuits against infringers.

16. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '204 Patent—directly by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '204 systems and methods, in violation of 35 U.S.C. § 271.

17. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '204 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

18. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the ’204 Patent, including at least Claim 3. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of claim 3 of the Patent-in-Suit.

**REQUEST FOR RELIEF**

19. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed one or more claims of the ’204 Patent either literally and/or under the doctrine of equivalents;

(b) enter a judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant’s infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

(c) enter a judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant’s infringing activities and other conduct complained of herein;

(d) award Plaintiff all other relief that the Court may deem just and proper.

Dated: May 29, 2020

Respectfully submitted,

_*/s/ Kirk J. Anderson*____

By: Kirk. J. Anderson (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

***Attorney(s) for Plaintiff Aperture Net LLC***